FYBEL, J., Concurring.
I agree with the majority that a local ordinance regulating the conduct of Penal Code section 290 registrants is preempted by California state law on the same subject. I write separately to emphasize that legislative declarations and findings expressly creating a “standardized', statewide system” (Pen. Code, § 290.03, subd. (b), italics added) and a “comprehensive system of risk assessment, supervision, monitoring and containment for registered sex offenders residing in California communities” (id., § 290.03, subd. (a)) compel the conclusion these state statutes preempt the ordinance.
Penal Code section 290.03, subdivision (b), enacted by the state Legislature and signed by the Governor, contains this express finding and declaration: “In enacting the Sex Offender Punishment, Control, and Containment Act of 2006, the Legislature hereby creates a standardized, statewide system to identify, assess, monitor and contain known sex offenders for the purpose of reducing the risk of recidivism posed by these offenders, thereby protecting victims and potential victims from future harm.” (Italics added.) Section 290.03, subdivision (a) provides that “[t]he Legislature finds and declares that a comprehensive system of risk assessment, supervision, monitoring and containment for registered sex offenders residing in California communities is necessary to enhance public safety and reduce the risk of recidivism posed by these offenders.” (Italics added.)
In view of these express legislative declarations and findings—and the content of the statutes discussed in the majority opinion—the requirements for preemption established by the California Constitution and the California Supreme Court have been satisfied. The key legal authorities on state preemption begin with article XI, section 7 of the California Constitution: “A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws.”
What does “in conflict with general laws” mean? On this subject, the California Supreme Court has summarized the applicable principles: “ ‘Under article XI, section 7 of the California Constitution, “[a] county or city may *1195 make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general [state] laws.” [1] “If otherwise valid local legislation conflicts with state law, it is preempted by such law and is void.” [Citations.] [f] “A conflict exists if the local legislation ‘ “duplicates, contradicts, or enters an area fully occupied by general law, either expressly or by legislative implication.” ’ ” [Citations.]’ [Citations.]” (O’Connell v. City of Stockton (2007) 41 Cal.4th 1061, 1067 [63 Cal.Rptr.3d 67, 162 P.3d 583].)
JeanPierre Cuong Nguyen argues the state law impliedly preempts the ordinance by fully occupying the field. The Supreme Court in O’Connell v. City of Stockton, supra, 41 Cal.4th at page 1068, observed, “ 1 “[w]here the Legislature has adopted statutes governing a particular subject matter, its intent with regard to occupying the field to the exclusion of all local regulation is not to be measured alone by the language used but by the whole purpose and scope of the legislative scheme.” ’ [Citation.]” In adopting Penal Code section 290.03, the Legislature expressed its intent to occupy the field of regulating registered sex offenders on a standardized, statewide basis.
I also write to emphasize that whether the ordinance is wise, reasonable, or necessary is not an issue before us. The only issue before us is whether the state statute preempts the ordinance. Based on this analysis and the words of Penal Code section 290.03, it is clear to me the state intended to fully occupy the field of regulating registered sex offenders. The ordinance is therefore unconstitutional under article XI, section 7 of the California Constitution. If the Legislature wishes to do so, it can amend section 290.03 to permit local ordinances.
Appellant’s petition for review by the Supreme Court was denied April 23, 2014, S216533.